**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-CV-81631-ROSENBERG/REINHART**

BRIAN LEE,

   Plaintiff,

v.

TAMMY PIERRE, THE SCHOOL DISTRICT
OF PALM BEACH COUNTY, THE SCHOOL
BOARD OF PALM BEACH COUNTY d/b/a
The School District of Palm Beach County,

   Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS**

     This cause is before the Court on Plaintiff's Motion to Remand (DE 9) and Defendants The School Board of Palm Beach County and Tammy Pierre's Motion to Dismiss the First Amended Complaint (DE 18). Both motions are fully briefed with responses and replies. The Court has considered the motions and the record, and is otherwise fully advised in the premises. For the reasons that follow, each Motion is GRANTED IN PART AND DENIED IN PART.

## I.  BACKGROUND

     Plaintiff Brian Lee worked as a bus driver for the School District of Palm Beach County from March 25, 2015, until his termination on January 8, 2019. DE 1-3 at 2 ¶¶ 8–9. Plaintiff alleges that he was terminated for two reasons: in retaliation for Plaintiff's sexual-harassment complaint against his supervisor and because of Plaintiff's chronic gout, which limits his mobility and dexterity. Plaintiff alleges that his supervisor, Tammy Pierre, engaged in unwanted physical contact twice within a one-hour period on September 27, 2017. *Id.* at 4 ¶ 17. In the first incident, she allegedly lifted Plaintiff's shirt. *Id.* In the second, she allegedly touched his back and midsection

while blocking his exit through a doorway. *Id.* On September 25, 2017, Plaintiff submitted a written complaint to Senior Coordinator Cynthia Holloman, who in turn gave it to Gary Mosely, Pierre's superior. *Id.* at 24 ¶¶ 131, 135. Pierre and Mosely allegedly retaliated in response to the complaint by transferring Plaintiff to another bus compound, which increased the length of his bus route. *Id.* at 25 ¶ 137. Plaintiff notified the School District of the alleged retaliation on January 8, 2018, after which the School District returned Plaintiff to his original bus compound, transferred Pierre and Mosely to another bus compound on February 6, 2018, and gave each a verbal reprimand with written notation on October 16, 2018. *Id.* at 25 ¶¶ 138–39, 26 at ¶ 142. Also on October 16, 2018, Plaintiff made a worker's compensation claim arising from a job-related incident and related to his gout. *Id.* at 26 ¶ 143. The School District denied Plaintiff's claim, allegedly as retaliation for Plaintiff's complaints against Pierre and Mosley. *Id.* On November 12, 2018, the School District transferred Mosley back to Plaintiff's bus compound, and upon arrival, Mosley allegedly prevented Plaintiff from driving buses, resulting in Plaintiff reporting to work without an assigned job. *Id.* at 27 ¶ 147.

On December 3, 2018, the School District sent Plaintiff a letter stating that Plaintiff was "observed with limited movement of [his] legs and hands" and requiring Plaintiff to complete a dexterity test and undergo a Department of Transportation Medical Exam. *Id.* at 27 ¶ 148. After failing the dexterity test, and before completing the medical exam, Plaintiff was fired on January 8, 2019. *Id.* at 28 ¶ 152. The School District had previously allowed Plaintiff to work at a desk job for a period following a gout flare up in May of 2018. *Id.* at 6 ¶ 31. The School District did not offer a similar arrangement before firing Plaintiff. *Id.* at 17 ¶ 97.

Plaintiff filed the First Amended Complaint in state court on October 31, 2019. DE 1-3. First Amended Complaint includes the following claims: (1) battery against Tammy Pierre; (2)

2

violations of the Americans with Disabilities Act, as amended ("ADA"), against the School District of Palm Beach County ("School District") and the School Board of Palm Beach County ("School Board"); (3) violations of the Florida Civil Rights Act ("FCRA"), against the School District and the School Board; (4) discriminatory retaliation in violation of Title VII of the Civil Rights Act of 1964, against the School District and the School Board; and (5) worker's compensation retaliation in violation of Fla. Stat. § 440.205.  The School Board removed the action to this Court on December 5, 2019.  DE 1.  Plaintiff filed a Motion to Remand on December 12, 2019, arguing that the Court lacks subject-matter jurisdiction over the worker's compensation claim and that removal was procedurally defective because only the School Board consented to the removal, not the School District.  On December 20, 2019, Defendants filed a Motion to Dismiss the First Amended Complaint.

## II.   MOTION TO REMAND

Actions may be removed from state court to federal court if the federal court has original jurisdiction over the action, subject to certain statutory exceptions.  28 U.S.C. § 1441(a).  One such exception is that any action "arising under the workmen's compensation laws" of the state may not be removed.  28 U.S.C. § 1445(c).  When removable claims are joined with claims made nonremovable by statute, "the district court shall sever from the action" all nonremovable claims and remand the severed claims to state court.  28 U.S.C. § 1441(c)(2).

Under the Rule of Unanimity, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2).  However, a mere nominal party need not join in or consent to removal.  *Dasma Inv., LLC v. Realty Assoc. Fund III, L.P.*, 459 F. Supp. 2d 1294, 1299 (S.D. Fla. 2006) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing & Assistants Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).  A defendant is a nominal

party when, "in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *Tri-Cities*, 427 F.2d at 327) (internal quotation marks omitted).

      **A.**      **Count X: Worker's Compensation Retaliation**

Plaintiff argues that Count X of the First Amended Complaint must be severed and remanded because it is a claim arising under the workmen's compensation laws of Florida. The School Board does not squarely address Plaintiff's argument that the Court must sever and remand Count X by operation of statute, instead addressing Plaintiff's alternative argument that the Court lacks supplemental jurisdiction over Count X. The Court agrees with Plaintiff that Count X arises under Florida's workmen's compensation laws, and therefore severance and remand is mandatory.

Count X alleges that "the School District maliciously fired Plaintiff for making a workers compensation claim against the School District to coerce and intimidate Plaintiff which is prohibited conduct in violation of Fla. Stat. § 440.205." DE 1-3 at 44 ¶ 214. This provision is part of Florida's Workers' Compensation Law, codified at Chapter 440, Florida Statutes. It reads: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. The Court concludes that Count X arises under Florida's Workers' Compensation Law, and therefore Count X must be severed and remanded to state court. *See Alansari v. Tropic Star Seafood Inc.*, 338 F. App'x 902, 905–06 (11th Cir. 2010) (reversing district court's refusal to remand Florida workers' compensation retaliation claim) (citing *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000) (holding that similar retaliatory-discharge provision arose under Alabama's workers' compensation laws)).

4

**B.     Rule of Unanimity**

The First Amended Complaint names as Defendants both the School District of Palm Beach County and the School Board of Palm Beach County d/b/a The School District of Palm Beach County. The Notice of Removal was filed solely by the School Board. DE 1. Plaintiff argues that removal was defective because the School District did not join in or consent to the removal as required under the Rule of Unanimity. *See* 28 U.S.C. § 1446(b)(2). However, the Rule of Unanimity does not apply if: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." *Dorcile v. School Dist. of Palm Beach Cty.*, No. 9:19-cv-80742, 2019 WL 3821554, at *1 (S.D. Fla. Aug. 15, 2019) (quoting *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993)).

In *Dorcile*, this Court confronted a remarkably similar situation—a bus driver suing the School Board and School District under Title VII, and a notice of removal in which the School District did not join. *Id.* There, the Court found that the School District had not actually been served with a separate summons, and therefore the first exception to the Rule of Unanimity applied. *Id.* at *2. Here, there is no dispute that Plaintiff served two separate summonses, one for the School District and one for the School Board, on Mary Quesada, who is represented to be a Legal Assistant for both the School District and the School Board in the Returns of Service. DE 4, 6. Accordingly, the Court must now reach the question whether the School District is a nominal defendant whose consent was unnecessary for removal.

The School Board argues that the School District is a nominal defendant because it has no independent legal existence under Florida law. Florida law provides that "[t]he governing body of each school district shall be a district school board" and that "[e]ach district school board is

5

constituted a body corporate." Fla. Stat. § 1001.40.  School boards are empowered to "operate, control, and supervise all free public schools in their respective districts." § 1001.32.  Perhaps most importantly, the school board is authorized to "[c]ontract, sue, and be sued." § 1001.41(4).  There is no analogous provision providing corporate status to school districts or authorizing them to sue or be sued.

Several courts have interpreted this statutory scheme to mean that Florida school districts are not proper defendants:

> Plaintiffs additionally name the "Hillsborough County School District" as a defendant. By constitutional and statutory mandate, however, the School Board of Hillsborough County is to operate the schools in a district and is a body corporate amenable to suit. Fla. Stat. §§ 1001.40, 1001.41. The district is not made a body corporate and it is assigned no duties. Thus, the district has no existence separate from the School Board of Hillsborough County and cannot be a party to this or any other action.

*Teets v. Hillsborough Cty. Sch. Bd.*, No. 8:15-cv-0094, 2016 WL 7115981, at *1 n.1 (M.D. Fla. Nov. 7, 2016); *see also Abrams-Jackson v. Avossa*, No. 16-cv-81624, 2017 WL 1153895, at *2 (S.D. Fla. Mar. 28, 2017) ("Defendants assert that the proper Defendant to be named is the School Board of Palm Beach County and relies upon Article IX, Section 4 of the Florida Constitution as well as Florida Statutes §§ 1001.32(2), 1001.41 and 1001.40.  The Court agrees with Defendants that the school board, as opposed to the school district, is the proper entity to be sued . . . .").

First, Plaintiff argues that the "broad remedial purpose" of the ADA compels the conclusion that the School District is a real party, not a nominal party.  But Plaintiff does not explain why the ADA, whatever its remedial force, makes the School District an independent legal entity when Florida law does not.  Second, Plaintiff asserts that his "actual employer" is the School District, not the School Board.  Plaintiff cites no authority for that proposition, which is undercut by the fact that "the school board is the exclusive contracting agent for the district school system." *McCalister v.*

6

*Sch. Bd. of Bay Cty.*, 971 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 2008). Plaintiff himself alleges that that it was the School Board "which accepted Plaintiff's termination." DE 1-3 at 39 ¶ 192. This suggests that the School Board had ultimate authority over Plaintiff's employment. Further, the district school superintendent, who directs the work of personnel within the school district, is "the secretary and executive officer of the district school board." *Id.*

The Court concludes that the School Board, rather than the School District, is the appropriate entity for purposes of Plaintiff's claims. Because the School District has no independent legal existence from the School Board, a suit against the School District is effectively a suit against the School Board. In this regard, it is telling that the same counts are pled against the School District and School Board, the factual allegations within those counts are substantively identical, and the only significant difference appears to be that Plaintiff's claims against the School Board include allegations that the School Board accepted Plaintiff's termination submitted by the School District. DE 1-3 at 21 ¶ 117, 39 ¶ 192. Plaintiff does not explain why it would be unfair to enter final judgment without the School District when the same claims are made against the School Board on the same factual basis. Moreover, Plaintiff does not argue that some form of relief is available against the School District but not the School Board. This makes all of Plaintiff's claims against the School District duplicative of his claims against the School Board.[1]

Therefore, the School District is a nominal party, because in its absence "the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Thermoset Corp.*, 849 F.3d at 1317 (11th Cir. 2017) (quoting *Tri-Cities*,

---

[1] The only claim made exclusively against the School District is Count X, which must be severed and remanded. *See supra* Part II.A.

427 F.2d at 327). The School District was not required to consent to the removal of the action, and remand on this basis is denied.[2]

### III.   MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

#### A.  Count I: Battery

Plaintiff sues Tammy Pierre for battery, defined under Florida law as "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." *Colony Ins. Co. v. Barnes*, 189 F. App'x 941, 943 (11th Cir. 2006) (quoting *Paul v. Holbrook*, 696 So. 2d 1311, 1312 (Fla. Dist. Ct. App. 1997)). Plaintiff alleges that Pierre engaged in nonconsensual touching twice. First, she allegedly "lifted Plaintiff's shirt from Plaintiff to expose him." DE 1-3 at 4 ¶ 17. Shortly thereafter, she allegedly "intimately touched

---

[2] Plaintiff failed to raise any argument with respect to the timeliness of Pierre's consent to removal. The Court deems any procedural defect with respect to Pierre's consent cured by her consent to removal in Defendants' Status Report, filed six days after Plaintiff's Motion to Remand. DE 15; *see Bank of N.Y. Mellon*, 609 F. App'x 979, 981 (11th Cir. 2015) ("A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment.").

Plaintiff's back and his midsection on the front of his body while blocking his path to a doorway." *Id.* Plaintiff further alleges that "Pierre's physical contact while blocking Plaintiff's ability to exit was unwelcome and unconsented by Plaintiff, intimidating to Plaintiff, [and] made Plaintiff feel uncomfortable." These allegations are more than mere recitations of the elements of battery; they describe two circumstances in which an alleged unconsented touching occurred, along with the date of the incidents. Taking the First Amended Complaint's allegations as true, Plaintiff has plausibly alleged a battery under Florida law, and Defendants' Motion to Dismiss is denied with respect to Count I.

### B. Counts II, III, VI, and VII: Claims Against School District

The School Board moves to dismiss all claims against the School District with prejudice on the basis that the School District is not a proper party to this litigation. Plaintiff responds by arguing that the School Board's argument that the School District is a *nominal party* for Rule of Unanimity purposes is inconsistent with the argument that the School District is an *improper party* for Rule 12(b)(6) purposes. But the touchstone of the nominal-party inquiry is whether the Court, in the absence of the defendant, "can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Thermoset Corp.*, 849 F.3d at 1317 (11th Cir. 2017) (quoting *Tri-Cities*, 427 F.2d at 327). That is the case where, as here, one defendant has no independent legal existence from another.[3] Accordingly, the Court dismisses with prejudice Counts II, III, VI, and VII.[4]

---

[3] The Court's holding does not suggest that it is improper *per se* to name a school district as a defendant. Indeed, it may well be common to refer to school districts and school boards interchangeably, and Plaintiff correctly notes that state and federal cases have included Florida school districts as named parties. *See, e.g., Parsons v. Okaloosa Cty. Sch. Dist.,* No. 3:09-cv-254, 2010 WL 1753152 (N.D. Fla. Mar. 30, 2010). But under Florida law, a claim against a school district is ultimately a claim against the school board which operates the district, is a body corporate, and is empowered to contract, sue, and be sued. And here, it is the fact that both the School District *and* School Board were named separately that makes the School District a nominal defendant.

[4] In *Dorcile*, this Court declined to dismiss the School District from the case at the Rule 12(b)(6) stage because the School Board did not adequately demonstrate why the School Board was a proper defendant and the School District

### C. Counts IV and V: ADA & FCRA Failure to Accommodate

The Court considers Count IV (ADA) and Count V (FCRA) together because "actions under the Florida Civil Rights Act are analyzed under the same framework as the ADA." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000). The ADA prohibits employers from discriminating "against a qualified individual on the basis of a disability" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). Failing to make reasonable accommodations is a form of discrimination. § 12112(b)(5)(A). A prima facie failure-to-accommodate claim requires Plaintiff to show: (1) he was disabled; (2) he was a qualified individual; and (3) he was discriminated against by the School Board's failure to provide a reasonable accommodation. *Holton v. Lucas v. First Coast Serv. Options, Inc.*, 703 F. App'x 917, 920–21 (11th Cir. 2017) (citing *W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)).

The First Amended Complaint alleges that the School Board failed to accommodate Plaintiff by allowing him to perform another job during his period of gout exacerbation. The School Board argues that Plaintiff failed to allege that he was disabled and that he was a qualified individual. An employee is disabled within the meaning of the ADA "when that employee actually has, or is perceived as having, an impairment that is not transitory and minor." *EEOC v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019); *see also* 42 U.S.C. § 12102(1) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities" or "being regarded as having such an impairment"). In response, Plaintiff argues that he is proceeding under a "regarded as" theory, meaning he was subjected to discrimination "because of an actual or

---

was not. Order Granting in Part and Denying in Part Motion to Dismiss at 9, *Dorcile v. School Dist. of Palm Beach Cty.*, No. 9:19-cv-80742 (S.D. Fla. Aug. 19, 2019). Here, the School Board has demonstrated with citation to authority that the School District has no independent legal existence from the School Board.

perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." § 12102(3)(A).

Plaintiff's contention that he is proceeding under a "regarded as" theory is irreconcilable with the language of Counts IV and V, which are labeled "failure to make reasonable accommodation." DE 1-3 at 14, 19. The ADA carves out "regarded as" claims from the obligation to make reasonable accommodations. 42 U.S.C. § 12201(h) (providing that an employer "need not provide a reasonable accommodation . . . to an individual who meets the definition of disability in section 12102(1) of this title solely" under the regarded-as clause). Accordingly, it is unclear what theory Plaintiff is pursuing.

Assuming that Plaintiff proceeds under a failure-to-accommodate theory, his disability is not adequately alleged. The First Amended Complaint states: "Plaintiff had a long history of chronic gout flare-ups and exacerbations that occasionally limited his mobility and dexterity." DE 1-3 at 15 ¶ 82, 19 ¶ 106. It also alleges that Plaintiff had to take three weeks of sick leave in connection with an exacerbation and that officials determined he failed his dexterity test. *Id.* at 15 ¶ 84, 16 ¶ 91, 20 ¶ 110, 21 ¶ 117. These allegations characterize the impairment as intermittent and occasional, and they fall short of plausibly establishing that Plaintiff was substantially limited in one or more major life activities. For these reasons, Counts IV and V are dismissed without prejudice, with leave for Plaintiff to amend and clarify the theory under which he proceeds and to adequately allege his disability.

### D. Counts VIII and IX: Title VII & FCRA Retaliation

Counts VIII and IX are claims of retaliation under Title VII and the FCRA, respectively, which are pled in the alternative to Plaintiff's ADA and FCRA failure-to-accommodate claims. The School Board moves to dismiss on the basis that these claims are pled in a shotgun manner.

11

Although the Court agrees that these Counts' incorporation by reference of 48 prior paragraphs is not a best practice, this format has not "materially increased the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015). The incorporation is overinclusive; for example, paragraphs 118–129 relate to Plaintiff's failure-to-accommodate claim. However, paragraphs 130–152 are set out in a separate section entitled "Facts Common to Counts VI–IX For Retaliation Under Title VII," and paragraphs 1–14 relate to jurisdiction, the parties, and exhaustion of administrative remedies. This format is not so unclear as to warrant dismissal under Federal Rule of Civil Procedure 8(a)(2) or 10(b). *See id.* at 1325 (concluding that a count's incorporation by reference of 49 prior paragraphs "is not a model of efficiency or specificity, but it does adequately put [the defendants] on notice of the specific claims against them and the factual allegations that support those claims").

Here, the School Board is on notice that Plaintiff bases his claim on two incidents: reporting the alleged sexual harassment by Pierre, and reporting retaliation by Mosley and Pierre following that report. Plaintiff further alleges that these incidents factored into the School Board requiring Plaintiff to submit to a dexterity test and terminating him. The School Board has not moved to dismiss these claims under Rule 12(b)(6), and the Court does not address whether these counts state a claim. Rather, the Court concludes that these claims should not be dismissed for the sole reason that they are pled in a shotgun manner. However, the Court agrees that the incorporation by reference of paragraphs 118–129 is unclear because those allegations belong to Plaintiff's failure-to-accommodate claim. On amendment, Plaintiff shall refrain from incorporating by reference any paragraphs belonging to another count, instead pleading all relevant allegations under his Title VII and FCRA retaliation counts.

    E. **Motions to Strike**

Finally, the School Board moves to strike Plaintiff's prayers for punitive damages under Title VII, the ADA, and the FCRA, as well as his prayer for prejudgment interest. The School Board is correct that Title VII and the ADA categorically prohibit punitive damages against governmental entities. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."); *Parsons v. Okaloosa Cty. Sch. Dist.*, No. 3:09-cv-254, 2010 WL 1753152, at *3 (N.D. Fla. Mar. 30, 2010) ("[G]overnment entities are exempt from punitive damages under both Title VII and the ADA."). And under the FCRA, neither punitive damages nor prejudgment interest may be awarded against state subdivisions. Fla. Stat. §§ 760.11(5), 768.28(5); *Maradiaga v. Brevard Cty. Sch. Bd.*, No. 6:07-cv-869, 2007 WL 9719456, at *3 (M.D. Fla. Aug. 24, 2007) (striking prayer for punitive damages under FCRA against school board). The First Amended Complaint alleges that the School Board is a "political subdivision of the State of Florida." DE 1-3 at 2 ¶ 5. Accordingly, Plaintiff's prayer for punitive damages under Counts VIII and IX, and for prejudgment interest under Count IX, are stricken. Any amended ADA claim shall omit a prayer for punitive damages.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows**:**

1. Plaintiff's Motion to Remand [DE 9] is **GRANTED IN PART AND DENIED IN PART**.

2. Count X of the First Amended Complaint [DE 1-3] is **SEVERED** and **REMANDED** to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

3. Defendants' Motion to Dismiss [DE 18] is **GRANTED IN PART AND DENIED IN PART**.

4. Counts II, III, VI, and VII of the First Amended Complaint [DE 1-3] are **DISMISSED WITH PREJUDICE**.

5. Counts IV and V of the First Amended Complaint [DE 1-3] are **DISMISSED WITHOUT PREJUDICE**.

6. The prayers for punitive damages under Counts VIII and IX of the First Amended Complaint [DE 1-3] are **STRICKEN**, and the prayer for prejudgment interest under Count IX of the First Amended Complaint [DE 1-3] is **STRICKEN**.

7. Plaintiff shall file an amended complaint on or before **February 6, 2020**. Defendants shall file a response two weeks after the filing of any amended complaint. If no amended complaint is filed, Defendants shall file an answer on or before **February 17, 2020**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

14