UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIAN LEE,   CASE NO.: 9:19-cv-81631-RLR

    Plaintiff,
v.

TAMMY PIERRE and THE SCHOOL BOARD
OF PALM BEACH COUNTY d/b/a The School
District of Palm Beach County, GARY
MOSLEY, DIANNA WEINBAUM and
SHANE SEARCHWELL,
_____/

### DEFENDANTS' REPLY IN SUPPORT OF ITS FULLY DISPOSITIVE MOTION FOR SUMMARY JUDGEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants hereby submit their Reply in Support of their Fully Dispositive Motion for Summary Judgment, and state:

### INTRODUCTION

Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgement ("Plaintiff's Response") [D.E.229] does not establish a genuine issue of material fact for trial. Summary Judgment is appropriate for Defendants on all counts of the Third Amended Complaint.[1] Plaintiff utterly failed to satisfy his burden, as the non-moving party, to come forward with evidence on each essential element of his claims sufficient to sustain a jury verdict. *Beard v. Green,* No. 0822284CIVSEITZ, 2010 WL 411084, at *9 (S.D. Fla. Jan. 29, 2010).

### REPLY

**First**, Plaintiff failed to adequately "*controvert*" many of the Undisputed Material Facts. D.E. 205, ¶¶16, 20-21, 30,[2] 34, 42-44, 53[3] (failing to respond to SUMF); *id.* at ¶¶ 46-47,[4] 50, 55, 64-66 (failing to identify record evidence); *id.* at ¶¶38-41, 50-52, 57, 59 (arguing disputes that are not genuine or material to substantive law); *id.* at ¶¶53, 55, 65 (failing to meet the issue "head on").

---

[1] Hereinafter referred to as the "Complaint".

[2] Ex. 1 at Ex. 56, pg. 634 of 731 (LEE062-063) is the referenced Post Job Offer Medical History Questionnaire and, as shown on pg. 635 of 731 (LEE 0763), Mr. Lee wrote "none" to question 11 seeking a list of prescription drugs and the reason for the prescription.

[3] Attempting to controvert this SUMF by "[d]isputing that Plaintiff was not terminated for movement limitations" when the SUMF says "the School Board did not terminate Mr. Lee when it learned of his movement limitations".

[4] Defendant submits an amended Appx. Ex. 1 at Ex. 48, which is already in the record; this is not new evidence, but is simply an attestation of evidence already in the record. **Reply Ex. 1.**

1

**Second**, Plaintiff failed to respond to several arguments making it appropriate for this Honorable Court to deem such arguments abandoned and conceded in the School Board's favor. D.E. 204, Arg. A. 2. a; A.2.b; A.2. c; A.3; Arg. B. 1; B. 2. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014).[5]

**Third**, Plaintiff's Response relies on inadmissible hearsay,[6] conclusions,[7] and conjecture;[8] all of which are insufficient to create a genuine issue for trial. **Fourth**, Plaintiff argues *for the first time* that he was terminated because of his worker's compensation injury, which is not part of the lawsuit and cannot create an issue of material fact. D.E. 229, ¶1.[9] Similarly, Plaintiff contends he engaged in protected activity on November 13, 2018 by complaining of retaliation by Mr. Searchwell but this is not protected activity identified in the Complaint, it is inappropriate on summary judgment and cannot create an issue of material fact. *Quintero v. Publix Super Markets, Inc.*, No. 18-CV-21615, 2019 WL 6273394, at *4 (S.D. Fla. Nov. 25, 2019) (rejecting plaintiff's newly-asserted causes of action, facts, and legal theories when raised for the first time at summary judgment and not alleged in complaint.); D.E. 229, pg. 4, ¶3; pg. 10, ¶1; pg. 12, ¶1; pg. 15, ¶¶ 3, 4;[10] D.E. 230, ¶48. **Finally**, Plaintiff argues, at great length, that Defendants fail to demonstrate entitlement to the ADA defense of "transitory and minor". D.E. 229, p. 6-7. Defendants do not seek summary judgment based on the transitory and minor defense and, as a result the Court should disregard the Plaintiff's argument entirely.[11]

---

[5] *Silverstein v. Boehringer Ingelheim Pharm., Inc.,* No. 19-CIV-81188, 2020 WL 6110909, at *2 (S.D. Fla. Oct. 7, 2020) (Where a plaintiff fails to respond to an argument in a motion for summary judgment, he waives the argument.)

[6] D.E. 229, pg. 4, ¶4 (inadmissible hearsay provided by Marvin Jackson); *id*. at pg. 17, ¶1 (email thread).

[7] "The School Board's perceptions meet the "regarded as" basis of the ADAAA". D.E. 229, pg. 10, ¶3. The conclusion is unclear and is itself unsupported by record evidence.

[8] D.E. 229, pg. 10-11; 11, ¶¶2-4; *id*. at pg. 16, ¶1 (Keystone Kops); *id*. at pg. 17 (email thread);

[9] Plaintiff's argument is improper and unpersuasive. Plaintiff does not argue nor proffer a single piece of evidence demonstrating the School Board perceived him as disabled for any reason including his worker's compensation injury. There are no allegations in the Complaint alleging termination because of the injury.

[10] The only reference to alleged retaliation by Mr. Searchwell is a vague reference in ¶ 32, stating: "The Board and Weinbaum's failure to enforce discrimination policies only emboldened Pierre, Mosley and Shane Searchwell into more retaliation against Plaintiff". There is no specific act of retaliation identified and no reference whatsoever to alleged protected activity on November 13. The paragraph is most closely related to Plaintiff's 1983 claims that have been dismissed with *prejudice*.

[11] "Plaintiff has sufficient evidence and the TAC includes sufficient allegations to state a disability covered by the ADAAA that is not subject to the "transitory" and "minor" defense." D.E. 229, pg. 7-8.

### I.     Plaintiff's Response Violates Fed. R. Civ. P. 56 and 56.1

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B). "To the extent any party's assertions fail to comply with Local Rule 56.1(a), the Court will not consider those assertions in deciding motions for summary judgment." *E.S.Y., Inc. v. Scottsdale Insurance Company*, No.: 15-21349, 2015 WL 12550300,*1 (S.D. Fla. September 2, 2015).The District Court has no obligation to dig through the record to consider factual assertions that do not appear with record citations. *Jones Shannon v. National Railroad Passenger Corporation*, 774 Fed. Appx. 529, 538 (11th Cir. 2019); *Jones v. Coty Inc.*, 362 F.Supp.3d 1182, 1195 (S.D. Ala. 2018) (Disregarding unsupported statements of fact and explaining, "a litigant on summary judgment must provide pinpoint citations to the record".) *See Raquel Abrams-Jackson v. Cheryl McKeever et. al.*, Case no.: 16-81624-CIV-MARRA, Opinion and Order, D.E. 95 ("To the extent [p]laintiff did not controvert [d]efendant's facts with evidence supported in the record, [d]efendant's facts are deemed admitted if they have record support. [T]he Court rejects [p]laintiff's factual contentions that are not properly supported.").

Plaintiff failed to identify record evidence to controvert certain material facts identified in Defendants' Statement of Undisputed Material Facts and, therefore, the Court should disregard the Plaintiff's Response as it pertains to these specific material facts. D.E. 205 at ¶¶ 46-47, 50, 55, 64-66 (failing to identify record evidence).

### II.     <u>Summary Judgment is appropriate on Counts II and III</u>

Plaintiff contends the School Board had knowledge of his gout. Other than a reference to gout on his initial employment application and on a single Post Job Offer Medical History Questionnaire from 2016, there is no evidence that anyone knew Plaintiff had gout or knew his gout was an alleged disability; mere knowledge of gout is not knowledge of a disability. D.E. 229, pg. 2 at Arg. II., ¶3; SUMF, ¶¶ 22, 24; *Guadamuz v. Entercom Miami, LLC*, No. 17-22617, 2019 WL 1566263, * 5 (S.D. Fla. Jan 30, 2019) ("The mere fact an employer is aware of an impairment is not sufficient to show the employer regarded the employee as disabled.")

Plaintiff does not argue or provide case law or record evidence demonstrating this knowledge is equivalent to knowledge of a disability; it is not. In fact, Plaintiff's concealment of his pain, his hospitalizations, and being placed on chronic care medication all demonstrate that Plaintiff actively prevented the School Board from learning whether he had a disability. D.E. 204, pg. 4-6; SUMF, ¶¶22-37.[12]

There is no evidence the School Board knew of Plaintiff's "physical limitations years before his December 19, 2018" dexterity test. The videos from April 2016 and March 2017 depict Plaintiff as agile and able to quickly enter and exit the school bus without issue and do not demonstrate knowledge of Plaintiff's disabilities. D.E. 229, pg. 5, ¶2; pg. 7, ¶2. Plaintiff fails to recognize that when the dexterity test was administered and he was instructed to enter the bus properly, he was unable to do so. Casually using the handrails during normal day-to-day duties is different than being unable to perform the step on the test when prompted and instructed. Plaintiff has not cited legal authority supporting an argument that knowledge of limitations, a pre-existing injury, or denial of a worker's compensation claim based on a pre-existing injury, is knowledge of a disability under the ADA. Defendant's case law demonstrates the opposite, which Plaintiff ignored and failed to distinguish. D.E. 204, pg. 4-6. The character of Plaintiff's conditions, disabilities or not, are not material to his "regarded as" discrimination claims. D.E. 229, 7-9, 11; D.E. 58, ¶43.

The *Nunies* case is distinguishable. In *Nunies*, the plaintiff asked for a transfer, which was tentatively approved until he disclosed his shoulder injury and after he was forced to resign. *Nunies* at 430. The plaintiff said he told an operations manager of his pain. *Id*. at 431. He was told the transfer position was no longer available, but evidence suggested the employer was lying because it placed an ad for the position a day before the plaintiff resigned. *Id*. at 431, 434.

---

[12] Plaintiff admits the majority of the aforementioned SUMF. He failed to respond at all to SUMF ¶¶26 and 27 and concedes these points. He does not adequately controvert SUMF at ¶34 and the "disputes" he sets forth in response to SUMF ¶¶33 and 35 are not material. As to SUMF at ¶36, the record evidence demonstrates he never told anyone about his disabilities or his pain and is essentially unrefuted. *See* Appx. Ex. 15. Plaintiff admits he never told anyone working for the School Board that he suffered from gout or gout exacerbations. Appx. Ex. 7, pg. 22 of 63. Although he claims Defendant had knowledge because of his kidney condition because he "allowed worker's comp to get [his] medical records" there is no record evidence that his medical records were ever received by anyone at the School Board. *id*. at pg. 58 of 63; Appx. Ex. 15. *Lawson v. Wal-Mart Stores, E., L.P*., No. 2:17-CV-1885-VEH, 2019 WL 3790214, at *5 (N.D. Ala. Aug. 9, 2019) ("[T]estimony such as 'I don't recall" insufficient to create a genuine issue of material fact to survive a motion for summary judgment.").

As explained by the Ninth Circuit in reversing the summary judgment, the court applied outdated ADA standards for regarded as discrimination claims. *id.* at 434. *Nunies* is meaningfully distinct from this case.

The evidence in this case demonstrates Plaintiff: (a) did not ask for a transfer or accommodation; (b) never disclosed his hospitalizations; and (c) did not tell anyone he was experiencing pain from gout or kidney issues. Plaintiff argues that a jury could conclude he was terminated because it had knowledge of his worker's compensation injury, but the *Nunies* case does not support this argument, this is not the basis of Plaintiff's ADA claims, is not alleged in the Complaint, and the uncontroverted record evidence demonstrates he was terminated because he failed the dexterity test. D.E. 229, pg. 10, ¶3. The DWC is barely legible and there is no evidence that anyone other than Mr. Orozco ever received or reviewed the DWC. *id.* at ¶4. Rather, Mr. Searchwell testified he did not know of Plaintiff's alleged gout or kidney conditions and did not know Plaintiff suffered from a disability at the time he was recommending him for termination. Appx. Ex. 15.[13] Mr. Searchwell and Mr. Mosley explained that if Plaintiff was able to pass the dexterity test then he would have retained his job. Appx. Ex. 2, 108: 1-13; Appx. Ex. 5, 99: 18-25; 100: 1-8. Plaintiff admits he failed the dexterity test. There is no issue for the jury.

Finally, Plaintiff identifies reasons this Court should find he was a qualified individual, but none are persuasive. The videos from October 2018 show Plaintiff could not operate a bus safely. D.E. 229, pg. 13, ¶a. Contrary to his contention that Dr. Gemayel "opined" Plaintiff was qualified to drive, Dr. Gemayel testified the swelling in his hand impacted his range of movement, the operation of the wheel, and confirmed he was not cleared to take the dexterity test until the swelling subsided. *id.* at ¶b., 1; Appx. Ex. 3, 30: 6-25; 31-34: 11. Plaintiff simply quarrels with the School Board's business decision, improperly recasting his own judgment for that of the employer. *Aldabblan v. Festive Pizza, Ltd.*, 380 F. Supp. 2d 1345, 1353 (S.D. Fla. 2005) ("A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Rather, the Eleventh Circuit requires that "an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with

---

[13] SUMF No. 3, Mr. Searchwell's authority to terminate is not material. The uncontroverted record evidence demonstrates he recommended Plaintiff's termination to the Superintendent and the authority to terminate "ultimately resides with the superintendent and School Board." App. Ex. 2, 16: 5-10; 113:16-19. The Court can take judicial notice of F.S. 1001.32, 1001.33, 1001.42 and 1001.49 which together demonstrate the School Board upon the Superintendent's recommendation retains plenary power to hire and fire.

the wisdom of that reason."). Plaintiff's claim that "[s]tress of the job is a non-factor" is misplaced because although Plaintiff was not terminated for misconduct, his threats demonstrate he was not a qualified individual and as a result cannot establish his ADA claims. D.E. 229, pg. 13, ¶7.

As demonstrated in the Motion for Summary Judgment, Plaintiff has not and cannot satisfy the *prima facie* elements of his ADA claims. Assuming, *arguendo*, that Plaintiff could establish the elements, he fails to show the School Board's legitimate, non-discriminatory reason was pretextual and for this reason, among others, summary judgment is appropriate. The School Board has explained it terminated Plaintiff because he failed the dexterity test. The test is State mandated and all bus drivers are required to demonstrate sufficient dexterity to drive a school bus.[14] The proffered reason is a legitimate, non-discriminatory reason that would "motivate a reasonable employer" and the School Board has met its exceedingly light burden of production. *Chapman v. Al Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000); *Rodriguez v. Napolitano*, No. 12-60870-CIV-SCOLA, 2014 WL 11455992, at *4 (S.D. Fla. Mar. 14, 2014).

Plaintiff argues the dexterity test was not administered fairly and claims this is evidence of pretext sufficient to overcome summary judgment. D.E. 229, pg. 14, ¶1. The argument is misplaced. The Court's pretext analysis is not whether the decision was fair but whether it was honest. *Santillana v. Fla. State Court Sys.*, 450 F. App'x 840, 844 (11th Cir. 2012) ("Our concern is not whether employment decisions are prudent or fair [but] whether unlawful discriminatory animus motivates a challenged employment decision.") *Gamboa v. Am. Airlines*, 170 F. App'x 610, 612–13 (11th Cir. 2006) ("sole concern is whether unlawful discriminatory animus motivate[d] a challenged employment decision.") *Morano v. Allegiant Air, LLC*, No. 18-62313-CIV, 2019 WL 6340085, at *5 (S.D. Fla. Nov. 27, 2019) ("As the Eleventh Circuit has explained, an employer may fire an employee for a "good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as [the adverse action] is not for a discriminatory reason.")

---

[14] Plaintiff makes many unpersuasive arguments about the dexterity test, how it was administered, whether it was a minimum guideline, whether all steps had to be administered, etc... Mr. Manspeaker's testimony debunks all of these unpersuasive arguments. Appx. Ex. 4. The plain language of Fl. Admin. Code Rule 6A-3.0141 identifies what is required by the School Board in administering dexterity tests. The Rule simply makes reference to the dexterity test form. The Technical Assistance Note No. T-07-02 attaches "Recommended Guidelines for Administering Dexterity Test" and by its very language states: "District transportation personnel are ***encouraged*** to follow these guidelines". (E.S.) Guidelines are not mandatory. The word "guideline" is defined by Merriam-Webster as "a line by which one is guided". Appx. Ex. 4, 18:5-25; 21: 15-24 and Ex. C thereto. The arguments at D.E. 229, pg. 11, 14 are incorrect and unpersuasive.

The dexterity testers determined Plaintiff did not pass the test and they had an honest belief that his performance on the first step of the test was insufficient to pass. D.E. 204, pg. 13-14; SUMF, ¶¶55,56. There is no evidence in the record the testers held any animus against Plaintiff, knew of any alleged disabilities, or otherwise believed Plaintiff was disabled. There is no evidence that an unlawful animus is at work in this case.

### III.   Summary Judgment is appropriate on Counts IV and V

The Complaint identifies two instances of protected activity; the first around September 2017 when Plaintiff complained of alleged sexual harassment by Ms. Pierre and, the second, on an unidentified date when Plaintiff alleges he complained of retaliation by Ms. Pierre and Mr. Mosley because he made a sexual harassment complaint. D.E. 58, ¶¶24,25, 78, 79, 85, 86. There are no allegations that Plaintiff engaged in protected activity because of retaliation by Mr. Searchwell. Plaintiff's attempt to demonstrate a material issue of fact on Counts IV and V for retaliation in connection with protected activity involving Mr. Searchwell is inappropriate, should not be considered by this Honorable Court, and cannot create a genuine issue of material fact sufficient to overcome summary judgment. D.E. 229, pg. 15, ¶3. [15]

As to the complaint of sexual harassment against Ms. Pierre and explained in detail in the Motion for Summary Judgment, Plaintiff cannot demonstrate a good faith reasonably objective belief that the conduct was unlawful. The complaint cannot be deemed protected activity for a claim of retaliation and for this reason alone the School Board is entitled to Summary Judgment as to the sexual harassment complaint. D.E. 204, pg. 15-17. Even if Plaintiff could demonstrate it was sufficient protected activity (which is denied), the substantial delay between the sexual harassment complaint and termination destroys any causal connection. *id*. at pg. 20.

As to the complaint of retaliation against Ms. Pierre and Mr. Mosley, the Complaint is bereft of facts demonstrating when this alleged "protected activity" occurred. [16]

---

[15] Even if this was alleged in the Complaint (which is denied), the claim would fail as a matter of law because Mr. Searchwell testified that, at the time he recommended Plaintiff for termination, he did not know Plaintiff complained about him to Ms. English. Appx. Ex. 2, 140:13-25; 141-142:8. *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020) ("As a starting point for any retaliation claim, a plaintiff needs to show (among other things) that the decisionmaker actually knew about the employee's protected expression.")

[16] After Defendants argued that Plaintiff's claims of protected activity failed as a matter of law on causation because of he delay between the protected activity and the alleged adverse action, Plaintiff deleted the dates to circumvent the argument. See D.E. 32.

Nonetheless, the uncontroverted record evidence demonstrates Plaintiff was transferred to Belle Glade in December 2017 because he was under investigation. D.E. 204, IV, B, 2, pg. 17-18, 19 at ¶2. There is no evidence of any connection between this transfer and his complaint of retaliation against Ms. Pierre and Mr. Mosley.  There is also no evidence of any connection between any other adverse action alleged by Plaintiff and his complaint against Ms. Pierre and Mr. Mosley.

Plaintiff appears to base his argument that there is a genuine issue of material fact sufficient to overcome summary judgment on Counts IV and V on some alleged causal connection between his alleged protected activity against Mr. Searchwell on November 13, 2018 (which is not a proper inquiry at summary judgment) and Plaintiff's termination in January 2019. D.E. 229, pg. 16-17. D.E. 229, pg. 17, ¶¶2,3. The entire argument is based on conjecture related to inadmissible hearsay comprising an email thread in November 2018. Despite, the conspiracy theory, Mr. Searchwell explained the purpose of the email was to receive an update on Plaintiff' dexterity test. Appx. Ex. 2, 227:3-228:20. Plaintiff also refers to a "six-month event sequence", but, again, this claim is based on speculation, conjecture, and surmise and is belied by the record evidence. D.E. 229, pg. 16, ¶d.[17] Plaintiff's argument must fail because it is based entirely on the alleged November 13, 2018 protected activity that is not included in the Complaint.

Moreover, even if Plaintiff could demonstrate the November 13, 2018 protected activity was included in the Complaint and is properly before this Court on summary judgment ***and*** that it demonstrates a causal connection (which is all denied), the uncontroverted record evidence demonstrates Plaintiff was terminated for a legitimate, non-retaliatory reason that would motivate a reasonable employer to act-- he failed the State mandated dexterity test. D.E. 204, pg. 20; Arg., *supra*, pg. 6 incorporated herein; *Chapman v. Al Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000); *Rodriguez v. Napolitano*, No. 12-60870-CIV-SCOLA, 2014 WL 11455992, at *4 (S.D. Fla. Mar. 14, 2014); *Morano v. Allegiant Air, LLC*, No. 18-62313-CIV, 2019 WL 6340085, at *5 (S.D. Fla. Nov. 27, 2019) Plaintiff fails to show the School Board's legitimate, non-retaliatory reason was

---

[17] The record evidence demonstrates Mr. Searchwell did not transfer Mr. Mosely back to the Royal Palm Transportation facility to supervise Plaintiff. D.E. 229, pg. 15, ¶4. At the end of the investigation into Plaintiff's retaliation complaints against Ms. Pierre and Mr. Mosley the Office of Professional Standards transferred Mr. Mosley back to the Royal Palm facility. Appx. Ex. 2, 148: 4-22. Mr. Searchwell was not involved in the transfer. *Id*. Mr. Mosley also testified that he was not involved in the Plaintiff's dexterity test in December 2018 nor did he cause him to stop driving. Appx. Ex. 5, 123:6-10. Defendant submits amended copy of Mosley's deposition to include the errata sheet submitted therewith, inadvertently left off of the original exhibit to the appendix; **Reply Ex. 2.**

pretextual and for this reason, too, summary judgment on Counts IV and V is appropriate.

### IV. Summary Judgment is appropriate on Count I for Civil Battery

In this case, the Plaintiff has alleged battery against a School Board employee. D.E. 58, ¶15. Plaintiff alleges Ms. Pierre acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights. *id*. at ¶21. In order to abrogate state immunity, Plaintiff must plead ***and*** prove that Ms. Pierre committed battery in bad faith or with malicious purpose or in a manner exhibiting willful disregard of human rights, safety, or property. *Arnold v. Sainvil*, No. 15-CV-20973, 2016 WL 11464670, at *6 (S.D. Fla. Feb. 10, 2016), *report and recommendation adopted in part*, No. 15-20973-CIV, 2016 WL 1211013 (S.D. Fla. Mar. 29, 2016) (dismissing battery claim against county based on sovereign immunity).[18] "Section 768.28(9)(a) clothes governmental employees with individual immunity that is lost only as to torts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights and safety." *Castellano v. Raynor,* 725 So. 2d 1197, 1198 (Fla. 2d DCA 1999) (granting summary judgment for employee, explaining "[a]s employees of the Hillsborough County School Board, both appellant and appellee are immune from suit as a party defendant and immune from personal liability, unless they acted "in bad faith or with a malicious purpose, or in a manner exhibiting a willful and wanton disregard of human rights, safety or property.")

The Plaintiff did not name the School Board as a defendant and instead pled that Ms. Pierre's conduct was in bad faith, malicious, and willful and wanton. *id*. at ¶21. There is no record evidence demonstrating Ms. Pierre's conduct was carried out in bad faith, was malicious, or exhibited willful and wantonness. In his response, Plaintiff does not even argue that such evidence exists nor does he not point to such evidence for this Honorable Court to consider. Finally, as argued in the Motion for Summary Judgment, no reasonable juror could conclude that Ms. Pierre's contact with Plaintiff on September 22, 2017 was offensive or harmful—the suggestion is nonsensical. Summary judgment in Ms. Pierre's favor on the battery claim is necessary and

---

[18] "[I]n any case involving the actions of a county employee, either the county or the employee can be held liable, but not both. *See* § 786.28(2), (9)(a); *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996). The general rule is that the State may be held liable for the acts of its employees unless "such [an] act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a); *see McGhee*, 679 So. 2d at 733. Therefore, to abrogate state immunity, a plaintiff must plead that officers "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

appropriate. D.E. 204, pg. 20-21.

Defendants fully incorporate herein the arguments set forth in D.E. 203 to:

a. Exclude testimony of Plaintiff's expert witnesses including Dr. Gemayel (if proffered by Plaintiff as an expert) because Plaintiff did not comply with the disclosure requirements under Rule 26;

b. Exclude testimony of Germaine English as an expert witness or otherwise in a capacity that exceeds the scope of her authority/duties as an employee of the School Board. Based on the reasons identified in D.E. 203 including, but not limited to, the fact that Ms. English's testimony is inconsistent with Fed. R. Evid. 702; and

c. Exclude or strike deposition testimony obtained by Plaintiff during cross examination that was outside the scope of the direct examination or is otherwise irrelevant as more fully stated in D.E. 203.

**Defendants reserve all rights related thereto.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 21, 2020, the foregoing document was filed via CM/ECF on all counsel or parties of record on the Service List below.

The School Board of Palm Beach County, Florida
Shawntoyia Bernard, Esquire, General Counsel

By: /s/ ***Lisa M. Kohring***
Lisa M. Kohring Esq.
Florida Bar No. 93781
Sean Fahey, Esq.
Florida Bar No. 0101083
Office of General Counsel
3300 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8750
Fax: (561) 434-8105
lisa.kohring@palmbeachschools.org
sean.fahey@palmbeachschools.org
patricia.naval@palmbeachschools.org
mary.quesada@palmbeachschools.org

**SERVICE LIST:**
Henry A. Seiden, Esq.
Seiden Law
6274 Linton Boulevard, Suite 103
Delray Beach, FL 33484
service@beentherewonthat.com