UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81631-RLR

BRIAN LEE,

    Plaintiff,

v.

TAMMY PIERRE and
THE SCHOOL BOARD OF
PALM BEACH COUNTY,

    Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING AND CLOSING CASE

This matter is before the Court upon the Report and Recommendation on Defendants' Motion for Summary Judgment. DE 261. This matter was referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation. DE 208. The Court has conducted a *de novo* review of the Report and Recommendation, Plaintiff Brian Lee's objections thereto [DE 267], Defendants' response to Plaintiff's objections [DE 270], and the record, and is otherwise fully advised in the premises.

Upon review, the Court finds the Magistrate Judge's recommendations to be well reasoned and correct. The Court agrees with the analysis in the Report and Recommendation and concludes that the Defendants' Motion for Summary Judgment should be granted for the reasons set forth therein. While the Court does not find any of Plaintiff's seven objections persuasive, it addresses four of the seven below.

I. **Objection No. 1**

Plaintiff "objects to all ruling[s] and findings in the R&R based on protected activity because the issue was abandoned and not properly before the Magistrate Judge." DE 267 at 2. Plaintiff states that this objection pertains to Counts IV and V, both of which are retaliation claims. *Id.* at 3. Plaintiff cites to page 47 of the Report and Recommendation for support, where the Magistrate Judge stated, "[t]he School Board's motion does not address the allegation that [Plaintiff's] employment was terminated in retaliation for his protected activity." DE 261 at 47. Plaintiff argues that "[t]he R&R well-recognizes that Defendants did not raise a protected activity argument in their motion for summary judgment." *Id.* at 2. As a consequence, Defendants abandoned the issue, and the Magistrate Judge could not address the issue in the R&R.

Plaintiff over-reads page 47 of the Report and Recommendation and overlooks Defendants' summary judgment briefing. In their motion for summary judgment, Defendants raised at least two protected activity arguments. First, Defendants argued that one of Plaintiff's allegedly protected activities—complaining about the physical contact from Plaintiff Tammy Pierre–was not made in good faith, and thus did not support his retaliation claims. DE 204 at 15-17. Second, Defendants argued that there was no causal connection between the alleged protected activity and the adverse actions taken against Plaintiff. *Id.* at 18-20. Defendants also addressed Plaintiff's lack of a protected activity in their reply supporting their motion for summary judgment. DE 253 at 7-9. Far from abandoning the issue, Defendants committed significant portions of their summary judgment materials to arguing the issue. Plaintiff's objection is therefore unpersuasive.

## II. Objection No. 2

Plaintiff argues that the Report and Recommendation erred in concluding that Shane Searchwell, the School Board's Director of Transportation, was not a "decisionmaker" who terminated Plaintiff. DE 267 at 4. Plaintiff states that the Report and Recommendation failed to consider evidence regarding Searchwell's hand delivering a letter to Plaintiff terminating him immediately due to Plaintiff's failing a dexterity test. *Id.* (citing DE 259 ¶¶ 3, 118 and DE 259-3 at 182:8-10). While Plaintiff acknowledges that Searchwell did not have authority to terminate Plaintiff and could only *recommend* termination, Plaintiff argues that Searchwell nonetheless terminated Plaintiff absent such authority and subsequently informed the School Board. *Id.* That sequence of events, Plaintiff argues, raises an inference of discriminatory animus and a genuine issue of material fact that precludes summary judgment as to Counts II and III. *Id.*

This objection is unpersuasive. As Plaintiff notes, it is undisputed that Searchwell lacked the authority to fire Plaintiff and merely had the power to recommend termination. Moreover, Plaintiff provides no record evidence proving that Searchwell unilaterally terminated Plaintiff and subsequently informed the School Board. That Searchwell delivered a termination letter to Plaintiff neither bolsters Plaintiff's argument nor creates a genuine issue of fact. Indeed, the following excerpt from Searchwell's deposition indicates that despite delivering the termination letter to Plaintiff, Searchwell still lacked the authority to decide whether to terminate Plaintiff. The excerpt likewise demonstrates that, contrary to Plaintiff's objection, Searchwell did not unilaterally terminate Plaintiff, but instead recommended termination to multiple departments and individuals:

[Mr. Seiden]: Did you have the power to terminate Mr. Lee's employment?

> [Searchwell]: I make recommendations as the director for termination of employees. That authority of termination ultimately resides with the superintendent and the school board.
>
> [Mr. Seiden]: Did you have the authority to notify Mr. Lee that he was terminated from his position as a high school bus driver?
>
> [Searchwell]: Yes.
>
> [Mr. Seiden]: Can you tell me how you had the authority to be able to notify Mr. Lee that his employment as a school bus driver was terminated? . . .
>
> [Searchwell]: As director, I have the authority to make the recommendation for a termination. . . .
>
> [Mr. Seiden]: To whom did you make a recommendation to terminate Mr. Lee?
>
> [Searchwell]: That recommendation was to the HR department, risk management department, and, ultimately, the superintendent.

DE 259-3 at 16:5-17:10. The Magistrate Judge thus correctly recommended summary judgment for Defendants as to Counts II and III.

### III. **Objection No. 5**

Plaintiff argues that the Report and Recommendation erred in finding it undisputed that Plaintiff failed the first component of the dexterity test because he grabbed the handrail. DE 267 at 7. Plaintiff cites the video of Plaintiff's December 2018 dexterity test and the testimony of Marvin Jackson as proof that grabbing the handrail is permissible when performing the first component. *Id.* at 7-8. Plaintiff argues that because he actually passed the dexterity test, there is proof that he would not have been terminated but for his engaging in certain protected activity, namely (1) complaining to Mosley and Holloman about Pierre's sexual harassment; (2) complaining to superiors about Pierre and Mosely's transferring him to Belle Glade; and (3) complaining about Mosley and Searchwell retaliating against him. While Plaintiff does not

4

expressly state that his objection pertains to Counts IV and V—his retaliation claims—the Court construes the objection as such, given that he references "[t]he causation element of a retaliation claim" as part of his objection. *Id.* at 8.

Plaintiff essentially argues that Defendants' alleged non-discriminatory reason for terminating him is pretextual. In the context of Title VII retaliation claims, the burden shifts to Plaintiff to prove pretext *after* (1) he establishes a *prima facie* case of retaliation; and (2) Defendants articulate a legitimate, non-discriminatory reason for the employment action. *See* DE 261 at 42-43 (citing *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134-35 (11th Cir. 2020)). Plaintiff thus leaps to the final stage of the *Gogel* framework, and in doing so, fails to explain why the Magistrate Judge erred in concluding that Plaintiff could not establish the first stage: a *prima facie* case of retaliation. As the Magistrate Judge noted:

> Mr. Lee has failed to meet his burden of showing that retaliation was the but-for cause of his termination. Just as with Counts II and III, the evidence in the record would not support a reasonable jury finding that the decisionmaker who terminated Mr. Lee's employment was aware of the protected conduct. There is no evidence that the Superintendent or any school board member knew of Mr. Lee's complaints. Mr. Searchwell was not aware of the November 2018 complaint against him.

DE 261 at 50 (footnote omitted). Even if the Magistrate Judge erred in concluding that Plaintiff failed the first step of the dexterity test due to grabbing the handrail, Plaintiff's objection does not identify any record evidence proving that an individual with the authority to terminate him knew of his allegedly protected activity. Plaintiff thus fails to make out a *prima facie* case of retaliation.

IV. **Objection No. 6**

Plaintiff argues that the Magistrate Judge erred "in using a but[-]for causation analysis for Counts II and III based for 'regarded as' ADA/ADAAA discrimination." DE 267 at 8. Plaintiff

5

argues that but-for causation applies to Title VII claims, but not ADA claims. *Id.* As support, Plaintiff cites *Barber v. Cellco P'ship*, 808 F. App'x 929 (11th Cir. 2020).

*Barber* does not support Plaintiff's argument. In *Barber*, the plaintiff argued that in the context of ADA discrimination cases, courts should apply the "mixed motive" test and ask whether discrimination was simply one of several reasons for an adverse employment action. *Id.* at 934. During that discussion, the Eleventh Circuit noted: "The mixed motive standard was articulated by the Supreme Court in *University of Texas Southwestern Medical Center v. Nassar* to apply to five specific bases for Title VII actions: race, color, religion, sex, and national origin." *Id.* The court then stated: "*Nassar*'s decision was based entirely on the text of Title VII, and so does not control a discrimination case based on the ADA." *Id.* (citation omitted). On the basis of that language, Plaintiff argues that but-for causation does not apply to ADA discrimination claims.

Not so. Immediately following the quoted text above, the *Barber* court concluded that because "neither the statutory text nor binding case law demonstrate that we must apply a mixed motive causation analysis to ADA discrimination claims, we decline to do so." *Id.* at 934-35. Rather, courts reviewing ADA discrimination claims apply the well-established burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Collier v. Harland Clarke Corp.*, 820 F. App'x 874, 878 (11th Cir. 2020) ("The *McDonnell Douglas* burden-shifting framework is applicable to ADA claims relating to discriminatory discharge."). Under that framework, a plaintiff must show "that the discriminatory motivation was the but-for cause of the adverse employment action." *Id.* at 879. Plaintiff is thus wrong that the Magistrate Judge erred in using a "but-for" causation analysis.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reinhart's Report and Recommendation [DE 261] is **ADOPTED** as the Order of the Court;

2. Defendants' Motion for Summary Judgment [DE 204] is **GRANTED**;

3. The Clerk of the Court is **DIRECTED TO CLOSE THIS CASE**;

4. All other pending motions are **DENIED AS MOOT**; and

5. Defendants shall submit a proposed final judgment, after conferral with Plaintiff, and submit the proposed final judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov within three business days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of March, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff
Counsel of Record